UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| LLOYD EUGENE BROWN, | ) | Civil Action No.: 2:06-cv-390-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN J. LAMANNA, MICHAEL SMITH, BRIAN FINNERLY, JASON KAPRAL, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court with the Report and Recommendation [Docket Entry #4] of Magistrate Judge Robert S. Carr filed on February 17, 2006.

Plaintiff, proceeding *pro se*, is currently incarcerated at FCI Butner in North Carolina. The Magistrate Judge construed the Plaintiff's cause of action as a *Bivens* action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's complaint concerns the conditions of his confinement at FCI Edgefield. Plaintiff alleges violations of his Eighth Amendment rights and violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. Plaintiff seeks monetary damages and injunctive relief.

The Magistrate Judge recommended that the Plaintiff's complaint be dismissed without prejudice and without issuance and service of process for failure to exhaust administrative remedies. On March 6, 2006, the Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Discussion**

The Magistrate Judge recommended summary dismissal of the Plaintiff's complaint for failure to exhaust administrative remedies before initiating this lawsuit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Plaintiff argues in his objections that his January 23 grievance was rejected because there were no administrative remedies available. Plaintiff argues that when a grievance is rejected because there are no administrative remedies available, exhaustion of administrative remedies is not required. Plaintiff further argues that he could not appeal the initial denial of his January 23 grievance because, unlike responses he had received for previous grievances, the

Warden's response did not contain a "Part B response" stating that he may appeal to the next level. The Rejection Notice that Plaintiff received in response to his January 23 grievance simply stated "you must file a tort claim for compensatory damages." Notably, the Rejection Notice did not state that Plaintiff could appeal the rejection to the Regional Director's office. According to the Rejection Notice Plaintiff received in response to his January 23 grievance, it appears to this court that Plaintiff was simply following the instructions contained in the Rejection Notice when he initiated this lawsuit.

In light of *Jones v. Bock*, 127 S.Ct. 910 (2007), and the Rejection Notice Plaintiff received in response to his January 23 grievance, it does not seem prudent to summarily dismiss Plaintiff's complaint for failure to exhaust administrative remedies at this stage.

## Conclusion

For the reasons stated above, the court respectfully rejects the Report and Recommendation of the Magistrate Judge. The court further recommits this case to the Magistrate Judge for an Order authorizing issuance and service of process.

**IT IS SO ORDERED**.

May 16, 2007
Florence, South Carolina

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge