RECEIVED
USDC CLERK, CHARLESTON, SC

2007 NOV 19  A 11: 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lloyd Eugene Brown, #30432-074, | C. A. No. 2:06-0390-RBH-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| John LaManna, Wayne Smith, Brian Finnerty, and Jason Kapral, | |
| Respondents. | |

This Bivens[1] civil rights action brought on February 16, 2006, by a federal prisoner, proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment filed on August 2, 2007.  28 U.S.C. § 636(b).

The plaintiff, Lloyd Eugene Brown, named as defendants John J. LaManna, the Warden at Federal Correctional Institution (FCI) Edgefield; Wayne Smith, the Executive Assistant/Camp Administrator at FCI Edgefield; Brian Finnerty, a Lieutenant at FCI Edgefield; and Jason Kapral, a Senior Officer at FCI

---

[1] Section 1983 is not applicable in suits filed against any federal officials.  However such relief is available: "Federal courts have power under 28 U.S.C. §1331 (1994) to award damages occasioned by infringements by federal officials of constitutionally protected interests."  Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

1

Edgefield. Plaintiff complains that he was denied exercise and access to a shower and toilet outfitted with grab bars to accommodate the handicapped. He also complains that he was triple celled which resulted in overcrowding. Plaintiff seeks[2] damages from the defendants in their individual capacities and a court order that he be provided with physical therapy.

On August 6, 2007, the plaintiff was provided a copy of the defendants' motion for summary judgment, affidavits, and exhibits. He was also given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed a response in opposition to the motion with affidavits and exhibits on October 9, 2007. Hence it appears consideration of the motions is appropriate.

### SUMMARY JUDGMENT STANDARD

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence

---

[2] Plaintiff also seeks changes in procedures employed in the Special Housing Unit (SHU) to benefit "disabled inmates." This relief is not available to him as he cannot represent other persons not plaintiffs here. Allen v. Wright, 468 U.S. 737 (1984). Additionally, he cannot seek this relief for himself since he has been transferred out of the SHU, rendering the prayer moot. See, Steffel v. Thompson, 415 U.S. 452, 460 n. 10 (1974); Buie v. Jones, 717 F.2d 925, 927 (4th Cir. 1983).

2

of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. Fed.R.Civ.P. 56(c). To avoid summary judgment on defendants' motion, a plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, Id. at 255, 106 S. Ct. at 2513-14.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

As a threshold matter, plaintiff has failed to exhaust the administrative remedies at the prison as to his claims of overcrowding and any other claims he is attempting to present save his claim that he was denied a handicapped equipped toilet and shower and recreation. Federal prisoners must exhaust administrative remedies before bringing an action seeking relief

from conditions of confinement in federal court. The Prison Litigation Reform Act (PLRA), Title 42 U.S.C. § 1997(e)(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See also, Porter v. Nussle, 534 U.S. 516 (2002) (the exhaustion requirement of the Prison Litigation Reform Act applies to all inmate suits about prison life); Booth v. Churner, 531 U.S. 956 (2001)(a prisoner must exhaust "such administrative remedies as are available" before bringing suit based on prison conditions).

The supporting rationale behind the provision is that it provides prisoners a faster method of obtaining relief, and if the prisoner receives relief through this method, it minimizes litigation. Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983 (2002); Booth v. Churner, 531 U.S. 956, 121 S.Ct. 1819 (2001) (unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action.).

The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege

4

excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 984 (2002); Cf., Wilson v. Seiter, 501 U.S. 294, 299, n. 1, 111 S.Ct. 2321 (1991).

Here, Plaintiff grieved[3] all available remedies as to his contention, "I was denied out of cell exercise/Recreation because of handicap and denied handicapped sanitation facilities (shower, toilet) for 65 days while in the Special Housing Unit." See, "Request for Administrative Remedy" signed by Plaintiff on January 23, 2006, Page 5 of unnumbered exhibits to Docket entry 7 denominated "Exhaustion of Remedies" filed by Plaintiff on June 12, 2007. In Jones v. Bock, 127 S.Ct. 910, 924 (2007) the Supreme Court held that if a prisoner civil rights action contains both exhausted and unexhausted claims, the court is to proceed with the exhausted claims and dismiss the unexhausted claims. Therefore all Plaintiff's allegations which go beyond the aforementioned grievance should be dismissed without prejudice.

**FACTS**

The relevant facts, either undisputed or according to the plaintiff, and taken in the light most favorable to the plaintiff

---

[3] Plaintiff also filed with the Clerk copies of other grievances and rejections thereof and he refers to them in his arguments. However, they are all dated after he filed the instant action. Therefore, they are not part of this action as all administrative remedies must be exhausted prior to filing suit. Porter v. Nussle, 534 U.S. 516 (2002).

5

as the non-moving party for purposes of the defendants' motion, are as follow.

Plaintiff was previously housed in the satellite Federal Prison Camp, a low security facility. Inmates from the satellite Federal Prison Camp that need to be removed from the general population for disciplinary reasons, protection, or other reasons are placed in the SHU at FCI Edgefield. (Exhibit 4, ¶ 13, Exhibit 6, Declaration of Wayne Smith, ¶ 4). Plaintiff was placed in the SHU at FCI Edgefield on October 14, 2005, and remained there for 65 days. (Complaint, p. 3). The SHU is a high security segregated housing unit designed to keep inmates separated from the general population. (Exhibit 4, Declaration of Brian Finnerty, ¶3, and Exhibit 5, Declaration of Jason Kapral, ¶ 3). FCI inmates are housed separately from camp inmates while in the SHU. (Exhibit 4, ¶ 13; Exhibit 6, ¶ 4; and Exhibit 7, Declaration of John J. LaManna, ¶ 9).

Plaintiff suffered from chronic back, arm, and neck pain among other medical conditions. (Def. Exhibit 8 Aff. of Dr. Rex Blocker, Clinical Director at FCI Edgefield). Plaintiff is able to ambulate without assistance and he had been given a lower bunk pass in the satellite camp by medical, but otherwise cleared for regular duty. Id. The satellite camp is very large and as a result, Plaintiff was issued crutches as a convenience to aid him in getting from place to place. Id. In contrast, prisoners in

SHU are in much closer quarters and their movement is substantially limited; cells at the SHU contain a shower and a toilet and prisoners take their meals in their cells. Id.

Plaintiff had his crutches when he was admitted to the SHU. However, the crutches were taken from him when he was placed in a cell. (Complaint, p. 3, ¶ 1 and ¶ 2). Inmates in SHU are ordinarily not allowed to possess crutches or canes, as those items can be used as weapons. (Def. Exhibit 4, ¶ 5, Exhibit 5, ¶¶ 5 and 9). Exceptions are made to this general rule for inmates who have a verified medical need for the crutches in order to perform daily functions when confined in SHU. (Exhibit 4, ¶¶ 5-6; Exhibit 6, ¶ 11, Exhibit 7, ¶ 10). Similarly, prisoners are generally not allowed to have crutches for use on the recreation yard. Again, exception to this rule is granted when an inmate has a verified medical need for the crutches. (Exhibit 4, ¶¶ 5-6; Exhibit 5, ¶ 9). Even then the prisoner would recreate alone if he had crutches in order to ensure inmate safety. Id.

When Plaintiff arrived in the SHU with crutches, Defendant Finnerty contacted medical staff to determine whether crutches were medically required. (Exhibit 4, ¶ 8). Defendant Finnerty was advised that Plaintiff's crutches were not medically necessary for ambulation. Id. As a result, Plaintiff was not allowed to have crutches in SHU.

Plaintiff was offered recreation five days per week, but SHU records reflect that he refused on all but two occasions. (Exhibit 4, ¶ 21; Exhibit 5, ¶ 10; and Exhibit 9, Special Housing Unit Record). Defendant Officer Kapral affied that he never denied plaintiff access to the recreation area in SHU. Plaintiff was not denied access to a shower or a toilet while in SHU; indeed, they were located in his cell. (Exhibit 3, Exhibit 4, ¶ 3; Exhibit 5, ¶ 3; Exhibit 6, ¶ 3; Exhibit 7, ¶ 3; Exhibit 8, ¶ 5). Plaintiff was issued soap and was able to purchase additional hygiene items from the commissary. (Exhibit 4, ¶ 18).

Further, Plaintiff was seen three times by medical staff while he was housed in SHU and his medical records reflect that he did not complain about needing crutches or that he was somehow being denied showers or recreation. (Def. Exhibit 8 Aff. of Dr. Blocker).

## EIGHTH AMENDMENT STANDARD

Plaintiff here alleges that his Eighth Amendment rights were violated by the defendants due to his conditions of confinement. For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To the extent that prison conditions are "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. However,

when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the eighth amendment.

It is the "obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Whitley v. Albers, 475 U.S. 312, 319 (1986). Thus, the prison official's state of mind must be examined to determine whether the undue hardship endured by the prisoner was a result of the prison official's deliberate indifference. Wilson v. Seiter, 501 U.S. 294 (1991). To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed. See, Farmer v. Brennan, 511 U.S. 825, 837 (1994); Taylor v. Freeman, 34 F.3d 266, 271 (4th Cir. 1994). Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of a substantial risk. Id. at 842 & n. 8.

## DISCUSSION

A review of the record and relevant case law reveals that the defendants' summary judgment motion should be granted and this matter ended.

Here, Plaintiff cannot carry his burden to establish the requisite state of mind of the defendants necessary to prevail on a conditions of confinement claim. Fatal to his claim is the fact that when he was received into the SHU the medical department was consulted to determine if Plaintiff needed crutches to perform activities of daily living and if there were any restrictions placed on him by his medical impairments. Medical staff reviewed his records and advised that crutches were not necessary and the only restriction placed on him was that he be given a lower bunk. Defendants relied on this information, and Plaintiff was not given crutches and was not placed in a handicapped cell. Prison officials are entitled to rely upon the medical judgments made by prison medical personnel, Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990), and that is what they did here. There is no evidence that any defendant caused medical personnel to opine as they did about Plaintiff's needs, or interfered with or denied access to medical personnel. Plaintiff's claims should fail.

It also appears that based upon the foregoing Defendants are entitled to qualified immunity from suit in their individual

capacities as set forth in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727(1982) and its progeny.

Lastly, Plaintiff cannot prevail on any claim under Americans With Disabilities Act (ADA) or the Rehabilitation Act. The ADA does not apply to the federal government. See, 42 U.S.C. § 12132(1) and Cellular Phone Taskforce v. FCC, 217 F.3d 72, 73 (2d Cir. 2000). Likewise, the Rehabilitation Act does not apply to federal prisons. Torcasio v. Murray, 57 F.3d 1340 (4th Cir. 1995).

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motion for summary judgment be granted, that all other motions be denied as moot, and that this matter be ended.

                              Respectfully Submitted,

                              Robert S. Carr
                              United States Magistrate Judge

Charleston, South Carolina

November 19, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

12