UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LLOYD EUGENE BROWN, ) | Civil Action No.: 2:06-cv-390-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOHN J. LAMANNA, MICHAEL SMITH, ) | |
| BRIAN FINNERLY, JASON KAPRAL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se*, brought this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is currently incarcerated at Butner Federal Medical Center; however, this lawsuit concerns the conditions of his previous confinement at Federal Correctional Institution (FCI) Edgefield.[1] Plaintiff alleges overcrowding and that he was denied exercise, access to crutches, a handicap accessible shower and toilet during his time in the Special Housing Unit ("SHU") at FCI Edgefield.

Pending before the court is Defendants' [Docket Entry #20] motion for summary judgment. This matter is before the court with the Report and Recommendation [Docket Entry #31] of Magistrate Judge Robert S. Carr.[2]

The Magistrate Judge recommended that Defendants' motion for summary judgment be granted. As to the exhaustion of administrative remedies requirement, the Magistrate Judge concluded that Plaintiff had properly exhausted his claim that he was denied exercise and

---

[1]     Plaintiff filed a notice of change of address from FCI Edgefield to Butner Federal Medical Center on April 20, 2007. [Docket Entry #10].

[2]     This matter was referred to Magistrate Judge Carr pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(d) and (e).

special accommodations for handicapped individuals. However, the Magistrate Judge concluded that Plaintiff had failed to properly exhaust his administrative remedies as to his claims of overcrowding and any other claims he was attempting to present. Therefore, under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and *Jones v. Bock*, 127 S.Ct. 910 (2007), the Magistrate Judge recommended that Plaintiff's unexhausted claims be dismissed without prejudice.

Reaching the merits of Plaintiff's exhausted claims, the Magistrate Judge recommended dismissal concluding that Plaintiff had failed to establish that the Defendants acted with deliberate indifference to the Plaintiff's health or safety. The Magistrate Judge also recommended that the Defendants were entitled to qualified immunity in their individual capacities. Finally, the Magistrate Judge noted that Plaintiff could not prevail on any claim under the Americans with Disabilities Act ("ADA") or the Rehabilitation Act because the ADA does not apply to the federal government and the Rehabilitation Act does not apply to federal prisons. *See* 42 U.S.C. § 12132(1); *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000) (stating "the term 'public entity' means . . . any State or local government or any department, agency, special purpose district, or other instrumentality thereof"); *Torcasio v. Murray*, 57 F.3d 1340, 1350 (4th Cir. 1995) (stating that "prisons of whatever jurisdiction [federal or state] are not subject to the Rehabilitation Act because they do not sponsor 'programs or activities' as those terms are defined in the Rehabilitation Act").

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on December 20, 2007. On January 3, 2008, Defendants filed a response to Plaintiff's objections.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Discussion**

As an initial matter, Plaintiff seeks certain injunctive relief related to the conditions of his confinement at FCI Edgefield. Specifically, Plaintiff requests: 1) physical therapy; 2) implementation of proper procedures allowing disabled inmates to participate in recreation/exercise; and 3) that handicapped sanitation facilities be provided to disabled inmates. Because Plaintiff was transferred from FCI Edgefield to Butner Federal Medical Center, as indicated by the Notice of Change of Address filed by Plaintiff, his claims for injunctive relief concerning the conditions of confinement at FCI Edgefield are now moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Ross v. Reed*, 719 F.2d 689, 693 (4th

Cir. 1983). Additionally, Plaintiff has not raised any complaints in this lawsuit about the conditions of his confinement at Butner Federal Medical Center. However, because Plaintiff also seeks monetary damages, his entire case is not mooted. *Williams*, 952 F.2d at 823.

Plaintiff did not object to the Magistrate Judge's recommendation that some of Plaintiff's claims were not properly exhausted and therefore subject to dismissal pursuant to the PLRA. Therefore, this court adopts, without objection, that portion of the Magistrate Judge's Report and Recommendation.

With regard to the merits of Plaintiff's exhausted claims concerning recreation and accommodations for the handicapped, the court agrees with the recommendations of the Magistrate Judge. Plaintiff alleges that when he was placed in the SHU at FCI Edgefield his Eighth Amendment rights were violated because his cell was not specially equipped for handicapped individuals and his crutches were taken away. Plaintiff also alleges that he was denied recreation.

To state a claim for relief under the Eighth Amendment, the plaintiff must establish that a prison official was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To be deliberately indifferent, a defendant must know of and disregard an objectively serious condition, medical need, or risk of harm. *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his or her position. *Miltier*, 896 F.2d at 852-53.

The evidence before the court shows that, upon Plaintiff's arrival in the SHU, prison officials contacted prison medical staff to determine whether crutches were medically required.[3] Plaintiff's medical records stated that Plaintiff was able to ambulate without assistance. Prison medical staff accordingly advised the prison officials in the SHU that Plaintiff's crutches were not medically necessary for ambulation. Therefore, Plaintiff was not permitted to use crutches in the SHU and was not provided any other special accommodations.

Dr. Rex Blocker, Clinical Director of FCI Edgefield, stated that "[w]hen inmates go to the SHU, they are in much closer quarters and their movement is substantially limited. They are not required to walk to meals, as those are provided in the cells. They are not required to walk to the toilet or shower, as those are also located within the cells."[4] Plaintiff was seen by the medical staff three times while he was housed in the SHU and his medical records reflect that he did not complain about needing crutches or that he was being denied access to showers or recreation because of any physical impairment.[5]

In his objections, Plaintiff sets forth a list of purported disputed material facts, yet none of the alleged disputed facts tend to show a genuine issue as to whether the Defendants were deliberately indifferent to Plaintiff's serious medical needs. Plaintiff's allegations amount to nothing more than a disagreement between Plaintiff and the prison medical staff as to the extent and degree of his physical impairment <u>at the time he was placed in the SHU at FCI</u>

---

[3] As noted by the Magistrate Judge, crutches are normally prohibited in the SHU because they can be used as weapons. However, exceptions are made for those inmates who have a verified medical need for the crutches.

[4] Docket Entry #20-9.

[5] *Id.*

Edgefield. Disagreements as to prescribed treatment between the prisoner and physician are not sufficient to state a constitutional claim, unless exceptional circumstances are alleged. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff has set forth no such exceptional circumstances here. Furthermore, medical malpractice or negligence in diagnosis or treatment is not sufficient to form the basis of a constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 105-06; *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Finally, the prison officials were entitled to rely on the medical judgments and advice of the prison medical staff.[6] *See Miltier*, 896 F.2d at 854. Plaintiff has simply failed to come forward with sufficient evidence to support his Eighth Amendment claim that the Defendants were deliberately indifferent to his health or safety.

Additionally, Plaintiff has failed to establish a basis for supervisory liability of the prison officials. In the context of this case, to establish § 1983 supervisory liability on the part of the supervisory defendants, the plaintiff must establish that: 1) the supervisory defendants failed to promptly provide an inmate with needed medical care; 2) the supervisory defendants deliberately interfered with the prison medical staff's performance; or 3) the supervisory defendants tacitly authorized or were indifferent to the prison medical staff's constitutional violations. *Id*. at 854. Plaintiff's claim against the supervisory defendants appears to be based on the third theory of supervisory liability - that the defendant tacitly authorized or was indifferent to the prison medical staff's constitutional violations.

Although unclear, the record seems to indicate that Plaintiff's condition may have

---

[6] Plaintiff has not sued any of the FCI Edgefield prison medical staff in this lawsuit.

deteriorated since he was placed in the SHU on October 14, 2005.[7]  However, Plaintiff has submitted no competent evidence to establish that the prison medical staff's determination regarding Plaintiff's medical needs was made with deliberate indifference.  Additionally, even if the prison medical staff was deliberately indifferent in assessing Plaintiff's need for special accommodations in the SHU, "[i]t is insufficient merely to show deliberate indifference to a serious medical need on the part of the subordinate physicians." *Id*. (citing *Boyce v. Alizaduh*, 595 F.2d 948 (stating no supervisory liability despite potential deliberate indifference claim against subordinate medical staff)).  Plaintiff has failed to come forward with sufficient evidence to create a genuine issue of material fact as to whether the named Defendants tacitly authorized or were indifferent to any constitutional violations allegedly committed by the prison medical staff.  Furthermore, Plaintiff has failed to present sufficient facts to establish that the named Defendants knew or should have known that they should not have relied on the physician's advice.  In light of the above, Plaintiff cannot maintain an action against the Defendants in this case.  Accordingly, Plaintiff's § 1983 claim that he was denied special accommodations, recreation, and crutches while housed in the SHU is dismissed.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #31] of the Magistrate Judge.  Accordingly, Defendants' [Docket Entry #20] motion for summary judgment is **GRANTED**.  Plaintiff's exhausted § 1983 claims concerning special

---

[7]     Plaintiff indicates atrophy to his legs, use of a wheelchair, and that he has been transferred to Butner Federal Medical Center.

accommodations, recreation, and crutches are hereby **DISMISSED with prejudice**. Plaintiff's remaining unexhausted claims are **DISMISSED without prejudice**.

    **IT IS SO ORDERED**.

Florence, SC                                                   s/ R. Bryan Harwell
March 26, 2008                                       R. Bryan Harwell
                                                                    United States District Judge